IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| AXIS SURPLUS INSURANCE COMPANY, | ) ) ) | |
| *Plaintiffs*, | ) ) | Case No. 4:23-cv-79 |
| v. | ) ) ) | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| KEMIN INDUSTRIES, INC. and KEMIN NUTRISURANCE EUROPE SRL, | ) ) ) ) | |
| *Defendants*. | ) ) | |

**COMES NOW** Plaintiff AXIS Surplus Insurance Company ("AXIS"), by and through its counsel, and files this Complaint for Declaratory Judgment against Defendants Kemin Industries, Inc. ("Kemin Industries") and Kemin Nutrisurance Europe SRL ("Kemin Europe") (collectively, the "Kemin Defendants"), and alleges as follows:

**NATURE OF THE ACTION**

1.      AXIS seeks a declaration that it does not owe coverage under Excess Insurance Policy Number P-001-000 163301-02, issued by AXIS to Kemin Worldwide Holdings, Inc. ("Kemin Worldwide") for the period August 1, 2020 to August 1, 2021 (the "Excess Policy"), in connection with a demand made against the Kemin Defendants by Hill's Pet Nutrition, Inc. ("HPN") alleging damages incurred by HPN as a result of an alleged breach by the Kemin Defendants of a supply agreement caused by the sale of a non-conforming product.

2.      Pursuant to 28 U.S.C. §§ 2201 and 2202, AXIS respectfully seeks a declaration that it owes no coverage obligations to the Kemin Defendants because (1) the policy underlying the Excess Policy and to which it follows form has not been exhausted, which is an essential part of

the insuring agreement; and, alternatively, (2) the demand cannot be covered under Belgian law, which applies to the underlying and Excess Policy, due to the fact that HPN's alleged damages were caused by the intentional acts of an employee of Defendant Kemin Europe.

## THE PARTIES

3.      AXIS is an Illinois corporation with its principal place of business located in Chicago, Illinois. AXIS is licensed as a surplus lines insurer to issue insurance policies in the State of Iowa.

4.      Upon information and belief, Kemin Industries is an Iowa corporation with its principal place of business in Des Moines, Iowa.

5.      Upon information and belief, Kemin Europe is an Italian subsidiary of Kemin Industries.

## JURISDICTION AND VENUE

6.      This action is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and seeks declaratory relief.

7.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332, because the dispute is between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

8.      Venue is proper in the United States District Court for the Southern District of Iowa pursuant to 28 U.S.C. § 1391(b)(1) because Defendant Kemin Industries resides in the District and the Policy was issued in the District.

## FACTUAL BACKGROUND

**B.     The Policies**

9.     AXIS issued the Excess Policy to Kemin Worldwide for the period August 1, 2020

to August 1, 2021. A copy of the Excess Policy is attached as Exhibit A.

10.     The Kemin Defendants qualify as insureds under the AXIS Excess Policy.

11.     The Excess Policy contains the following insuring agreement:[1]

> We will pay that part of **loss**, up to the Limits of Insurance and in
> excess of the applicable **underlying insurance**, that the Insured
> becomes legally obligated to pay provided that:
>
> a.     such **loss** is also covered under the **underlying insurance** or
>        would have been covered but for the exhaustion of the
>        applicable **underlying limits**;
>
> b.     such **underlying limits** have been exhausted by payment, in
>        legal currency, by the **underlying insurers**, of amounts
>        covered under such applicable **underlying insurance**;
>
> c.     as respects any **underlying insurance** that applies on a
>        claims-made basis, if any Retroactive Date is shown in the
>        Declarations, such Retroactive Date replaces any retroactive
>        date shown in any **underlying insurance**; and
>
> d.     settlement of any claim or **suit** for an amount in excess of
>        any **underlying insurance** shall not be binding on us unless
>        we consent in writing.
>
> Except as otherwise set forth in this Policy, this excess insurance
> follows the terms, conditions, restrictions, exclusions, definitions
> and endorsements of the **followed policy**. Further, any exclusions or
> restrictions included within any lawyer of **underlying insurance**
> applies to this excess insurance. Under no circumstances will the
> coverage provided by this insurance be broader than any **underlying
> insurance**.

12.     The Excess Policy contains the following definitions:[2]

---

1     See Exhibit A.
2     *Id.*

3

> **Followed policy** means the policy or policies of insurance listed in the Schedule of Underlying Insurance and identified as **followed policy**, including any self-insured retentions or deductibles that are a part of such policies.
>
> **Underlying insurance** means any policies of insurance listed in the Declarations under the Schedule of Underlying Insurance.
>
> **Underlying insurer** means any insurer who provides any policy of insurance listed in the Schedule of Underlying Insurance of any automatic renewal or replacement of any such policy, provided that such renewal or replacement provides equivalent coverage to and affords limits of insurance equal to or greater than the policy being renewed or replacement (sic).
>
> **Underlying limits** means the limits of insurance of the **underlying insurance**.

13.     The "followed policy" for European exposures to products liability is Policy Number 5025340, issued to Kemin Worldwide by Zurich Insurance PLC (Belgium Branch) for the period August 1, 2020 to July 31, 2021 (the "Belgian Followed Policy").[3]

14.     The Kemin Defendants qualify as insureds under the Belgian Followed Policy.

15.     The Belgian Followed Policy provides liability limits of $1,000,000 for each occurrence.

16.     At all times relevant to this action, on information and belief, the Kemin Defendants were also insured for products liability under Policy Number 920B0379, issued by Zurich Insurance, PLC (Italian Branch) for the policy period August 1, 2021 to July 31, 2022 (the "Italian Policy").

17.     The Italian Policy has never been scheduled as "underlying insurance" on the Excess Policy, nor is it referenced in any other section of the Excess Policy or the Belgium Followed Policy.

---

3       *Id*.

**A.       Underlying Claim**

18.       On September 27, 2021, HPN sent a letter to the Kemin Defendants (the "Demand")

regarding an alleged breach of a supply agreement between HPN and the Kemin Defendants,

effective December 2, 2020, for the supply of products by the Kemin Defendants to HPN (the

"Supply Agreement"). A copy of the Demand is attached as Exhibit B.

19.       In the Demand, HPN asserted that the Kemin Defendants were in breach of the

Supply Agreement due to their manipulation of data and falsification of test results on biogenic

amines levels in certain products, as well as process failures and supply of product that did not

conform with contracted specifications and warranties.[4]

20.       In the Demand, HPN sought remediation and compensation for any and all losses,

liabilities, damages, demands or claims suffered as a result of the alleged breach.[5]

21.       Following its receipt of the Demand, the Kemin Defendants sought coverage from

their insurers.

22.       Upon information and belief, Zurich Insurance, PLC (Italian Branch) tendered the

liability limits of the Italian Policy to HPN.

23.       As of the date of this filing, Zurich Insurance PLC (Belgium Branch) has made no

payments under the Belgian Followed Policy in connection with the Demand and has taken the

position that this policy doesn't apply to this claim.

**Count I – Declaratory Judgment**
**(No Duty to Defend or Indemnify Against the Demand)**

24.       AXIS re-alleges and incorporates each of the allegations of paragraphs 1 through

23 as if fully set forth herein.

---

4          *Id.*
5          *Id.*

25.     The Excess Policy's Insuring Agreement states that AXIS will pay that part of loss, up to the Limits of Insurance and in excess of the applicable "underlying insurance," that the insured becomes legally obligated to pay, provided that such "underlying limits" have been exhausted by payment by the "underlying insurers" of amounts covered under such applicable "underlying insurance."

26.     "Underlying insurance" is defined as any policies of insurance listed in the Declarations under the Schedule of Underlying Insurance.

27.     "Underlying limits" means the limits of insurance of the "underlying insurance."

28.     The Belgian Followed Policy is the only potentially implicated "underlying insurance" applicable to the Demand.

29.     As of the date of this filing, the Belgian Followed Policy has not been exhausted, and no payment has been made thereunder in connection with the Demand.

30.     AXIS has no coverage obligations to the Kemin Defendants under the Excess Policy in the absence of the exhaustion of the "underlying limits," which, with respect to the Demand, are the limits of Belgian Followed Policy.

31.     AXIS therefore owes no coverage obligations to the Kemin Defendants with respect to the Demand.

32.     Alternatively, although there can be no coverage under the Excess Policy in the absence of the exhaustion of the Belgian Followed Policy, coverage is also not available because the alleged loss sustained by HPN was caused by the intentional acts of Kemin Europe, through its employee(s).

33.     The Excess Policy's Insuring Agreement states that except as otherwise set forth therein, the policy follows the terms, conditions, restrictions, exclusions, definitions and endorsements of the "followed policy."

34.     The "followed policy" for the purposes of the Demand is the Zurich Belgian Policy.

35.     The general conditions of the Zurich Belgian Policy provide that the policy is governed by Belgian law.

36.     The alleged loss resulted from an intentional act perpetrated by a Kemin employee.

37.     Under Belgian law, intentional acts resulting in a loss are uninsurable.

38.     AXIS, therefore, owes no coverage obligation to Kemin with respect to the Demand.

WHEREFORE, Plaintiff AXIS Surplus Insurance Company respectfully requests that this Court enter judgment in its favor and against the Defendants:

A.     Declaring that AXIS Surplus Insurance Company owes no coverage obligations to Defendants Kemin Industries, Inc. or Kemin Nutrisurance Europe SRL under the Excess Policy, in connection with the Demand; and

B.     Awarding such other and further relief as the Court finds just and proper.

*/s/ Joseph F. Moser*

Joseph F. Moser          (AT0011413)
Kevin J. Driscoll          (AT0002245)
FINLEY LAW FIRM, P.C.
699 Walnut Street, Suite 1700
Des Moines, IA  50309
Telephone:  (515) 288-0145
Fax:  (515) 288-2724
Email:  jmoser@finleylaw.com
          kdriscoll@finleylaw.com

Joseph A. Ziemianski (pro hac vice pending)
Cozen O'Connor

1221 McKinney St., Ste. 2900
Houston, TX 77010
Telephone: (832) 214-3920
Email: JZiemianski@cozen.com

ATTORNEYS FOR PLAINTIFF AXIS
SURPLUS INSURANCE COMPANY

**Certificate of Service**

The undersigned certifies that the foregoing instrument was served upon the parties to this action pursuant to Local Rule 5A(k), by serving a copy upon each of the attorneys or individuals listed as receiving notice on March 1, 2023, by ECF.

_/s/ Joseph F. Moser_